UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN MIGUEL PALMA CORRALES (A-243-163-208),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-6917 DC CSK

FINDINGS & RECOMMENDATIONS

Petitioner Steven Miguel Palma Corrales (A-243-163-208), a citizen and native of Honduras, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition be dismissed without prejudice.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Honduras. (ECF No. 7 at 10.) On or around May 2015, petitioner entered the United States. (ECF No. 1 at 2.) Following his entry into the United States, petitioner was not admitted or paroled after inspection by an Immigration Officer. (ECF No. 7 at 10.) Petitioner has been arrested by local authorities on multiple occasions for different charges. (Id. at 25-29.) Following his March 25, 2025 arrest, petitioner was charged with

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

strongarm robbery with an aggravated battery in violation of Florida Statutes 812.13(2)(C) and 775.087(1). (Id. at 28, 34-35.) The record reflects that these charges are pending following petitioner's failure to appear in court. (Id. at 38.) Petitioner was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") on or around June 29, 2026. (Id. at 16.)[2] On July 23, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings which are standard removal proceedings.[3] (Id. at 10-13.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General, and INA section 212(a)(7)(A)(i)(1), 8 U.S.C. § 1182 (a)(7)(A)(1), as an immigrant, who at the time of application for admission, was not in possession of a valid entry document. (Id. at 13.)

## II. PROCEDURAL BACKGROUND

On August 31, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 1, 2026, the district court referred this action to the assigned magistrate judge for further proceedings. (ECF No. 5.) On September 9, 2026, respondents filed an answer to the petition. (ECF No. 7.) On October 1, 2026, petitioner filed a traverse. (ECF No. 8.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality

---

[2] In the petition, petitioner does not identify the date he was detained by ICE. (ECF No. 1.) The Form I-213 is dated June 29, 2026. (ECF No. 7 at 16-17.) The Form I-213 states that petitioner was encountered by immigration officials on July 27, 2026, but states that the case was processed on June 29, 2026. (Id. at 16.) This Court need not resolve any dispute regarding the date petitioner was arrested and detained by ICE created by the conflicting dates in the Form I-213 as this conflict does not affect the outcome of these findings and recommendations.

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner raises three claims. In claims one and three, petitioner raises claims pursuant to the Fifth Amendment Due Process Clause. (ECF No. 1 at 4-5, 6-7.) In claim two, petitioner raises a statutory claim. (Id. at 5-6.) Respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2-5.) Respondents further argue that petitioner's detention is not unconstitutional. (Id. at 5-7.)

### A. Claim Two: Statutory Claim

In claim two, petitioner argues that he is not subject to detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 1 at 5-6.) Petitioner further argues that if respondents claim he is subject to detention pursuant to section 1226(c) or any other statutory provision, respondents should be required to identify the exact subsection and the facts they contend trigger detention. (Id. at 6.) Petitioner also cites Rodriguez Vazquez v. Bostock, 183 F.4th 1147 (9th Cir. 2026) as controlling authority. (Id. at 4.) Respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). (ECF No. 7 at 2-5.)

Section 1226 carves out a statutory category of noncitizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c) In January 2025, the Laken Riley Act was enacted, adding 8 U.S.C. § 1226(c)(1)(E), which mandates detention for additional categories of criminal noncitizens. Section 1226(c)(1)(E) mandates detention of any noncitizen who meets two requirements: (i) the noncitizen is inadmissible under 8 U.S.C. §§ 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7); and (ii) the noncitizen "is charged with, is arrested for, is convicted of, admits having committed, or

admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). As observed by respondents in the answer, to "avoid serious due process concerns" courts in this district have construed the Laken Riley Act to apply only where an individual is currently charged with or arrested for the crimes. (ECF No. 7 at 3 (citing Singh v. Chestnut, 1:26-cv-00546, DJC AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026).) Courts in this district have also found serious questions going to the application of the Lake Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case. (Id. (citing Singh, 2026 WL 266021, at *1).)

For purposes of these findings and recommendations, this Court finds that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(E) based on his March 25, 2025 arrest for strongarm robbery in violation of Florida Statute 812.13(2)(C). As discussed above, the charges against petitioner for violating Florida Statute 812.13(2)(C) are pending.

In the answer, respondents further argue that to the extent petitioner challenges his detention pursuant to 8 U.S.C. § 1226(c)(1)(E), petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA), in a Joseph hearing. (ECF No. 7 at 4-5.) 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of

the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. (See ECF Nos. 1, 8.) Therefore, this Court finds that petitioner's statutory claim challenging his mandatory detention pursuant to 8 U.S.C.

§ 1226(c)(1)(E) should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

Finally, this Court observes that Rodriguez Bostock is not applicable to petitioner's statutory claim, as argued by petitioner. In Rodriguez Bostock, the Ninth Circuit held that the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) applies to only noncitizens entering the United States at the border. See 183 F.4th at 1166-67, 1193. Respondents do not claim that petitioner is detained pursuant to U.S.C. § 1225(b)(2). For this reason, this Court need not consider the applicability of the Ninth Circuit's holding in Rodriguez Bostock to petitioner's statutory claim.

**B. Claims One and Three: Due Process**

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon

the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021) (citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F.Supp.3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with

the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). Because petitioner has been detained a little over three months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. Courts finding protected liberty interests in freedom from detention under § 1226(c) have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to § 1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to § 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner's detention does not exceed the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530. Because petitioner has not demonstrated a liberty interest based on his detention of a little over three months, the petition for writ of habeas corpus should be dismissed. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

## V. CONCLUSION

Because petitioner has not exhausted his remedies as to his statutory claim, and is not entitled to relief as to his due process claims, this Court recommends that the petition be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITHOUT

PREJUDICE.

2. The Clerk of the Court be directed to enter judgment in favor of Respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Corr6917.157.imm.den/2